# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONALD V. SNOWDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00546-JPG |
| ) | |
| MAGISTRATE JUDGE DALY, ) | |
| AND AUSA AMANDA ROBERTSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Donald V. Snowden, a detainee at Jackson County Jail ("Jail") in Murphysboro, Illinois, filed a self-styled "Verified Complaint for Injunctive Relief" against United States Magistrate Judge Reona Daly and Assistant United States Attorney Amanda Robertson on June 9, 2020. (Doc. 1). The case was opened pursuant to 28 U.S.C. § 1331. Snowden challenges an Order of Detention (Doc. 19) and an Order Denying Motion for Reconsideration of Bond (Doc. 63) entered by Magistrate Judge Daly in his pending criminal case, *United States v. Snowden*, No. 19-cr-40081-JPG (S.D. Ill. 2019) ("criminal case"). Snowden claims he was coerced into waiving his right to a detention hearing and has been held in pretrial confinement ever since, in violation of his constitutional rights. (Doc. 1, pp. 1-10). He seeks declaratory judgment and injunctive relief. (*Id.*).

Snowden commenced this action without prepayment of the $400.00 filing fee and without submitting an application for leave to proceed *in forma pauperis*. On June 9, 2020, the Court ordered him to do one or the other within thirty (30) days. (Doc. 2). Snowden complied with this Order by paying the full filing fee on July 7, 2020. This matter is now ripe for review.

1

The Complaint is before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). As this stage, the factual allegations in the *pro se* complaint are liberally construed in favor of the plaintiff.

### The Complaint

The following allegations are set forth in the Complaint (Doc. 1, pp. 1-10): Snowden is currently detained at Jackson County Jail, where he is awaiting trial on charges of distributing methamphetamines in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See United States v. Snowden*, No. 19-cr-40081-JPG (S.D. Ill. 2019) ("criminal case"). On September 19, 2019, he filed a written waiver of detention hearing. (Doc. 18, criminal case). The waiver was accepted as knowing, and an Order of Detention was entered. (Doc. 19, criminal case). Snowden now claims that his waiver was obtained through coercion. (Doc. 1, pp. 1-10). He seeks to withdraw the waiver and to present evidence of his eligibility for pretrial release pursuant to 18 U.S.C. § 3142. However, his *pro se* Motion for Reconsideration of Bond was denied. (Docs. 58 and 63, criminal case). Were he allowed to withdraw his waiver and represent himself, Snowden would testify, present evidence, present witnesses, and cross-examine adverse witnesses. Snowden claims that his inability to do so has resulted in violations of his rights to equal protection and due process of the law under the Fifth and/or Fourteenth Amendments. (Doc. 1, pp. 5, 7, 9).

### Discussion

This case was opened pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Snowden did not identify any basis for jurisdiction in the Verified Complaint for Injunctive Relief. (Doc. 1). As a threshold matter, this Court must therefore

2

consider whether the suit was properly brought as a civil rights action or whether it should have been brought as some other type of action.

*Bivens* provides a limited remedy for certain violations of federal constitutional law by persons acting under color of federal authority. *Ziglar v. Abbasi*, -- U.S. --, 137 S.Ct. 1843, 1856-57 (2017). Generally, judges and prosecutors are entitled to absolute immunity from suit for decisions made in the normal judicial process. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (judges); *Imbler v. Pachtman*, 424 U.S. 430, 431 (1976) (prosecuting attorneys); *Cross v. Fiscus*, 830 F.2d 755, 756 (7th Cir. 1987) ("When a *Bivens* action is available, a series of qualified and absolute immunities may be set up in defense."). Snowden challenges two decisions made in the normal judicial process.

*Bivens* cannot be used as a vehicle to attack a pending criminal case or to obtain release from confinement. *Bivens* does not authorize the Court to enjoin the enforcement of the Order of Detention (Doc. 19, criminal case) or to compel reversal of the Order Denying Motion for Reconsideration of Bond (Doc. 63, criminal case). This is the singular focus of Snowden's Verified Complaint for Injunctive Relief. (Doc. 1).

This is not the first time Snowden has attempted to use *Bivens* to challenge his criminal case. He filed a *Bivens* action to attack his pending criminal charges in *Snowden v. Ehler*, Case No. 19-cv-01319-JPG (S.D. Ill. filed Dec. 2, 2019). This Court dismissed the Complaint without prejudice on March 10, 2020. (Doc. 15). In the dismissal order, the Court explained, "Plaintiff cannot use *Bivens* to attack his pending criminal charges or obtain release from confinement. This appears to be his primary motivation for filing this suit." (Doc. 15, p. 3). The Court's prior dismissal order may explain why Snowden did not identify any jurisdictional basis for bringing his Verified Complaint for Injunctive Relief on June 9, 2020. (Doc. 1).

Had he filed a Petition for Writ of Mandamus, Snowden would have fared no better. *See* 28 U.S.C. §§ 1361 and 1651. Section 1361 establishes jurisdiction for a federal court to compel a federal official or agency to perform a duty that is owed to the petitioner. *See* 28 U.S.C. § 1361. Three elements must be satisfied to issue a writ: (1) a petitioner's clear right to the relief sought; (2) a plainly defined and peremptory duty on the part of the respondent to do the act in question; and (3) no other adequate remedy at law. *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987). The Court must deny a petition when any of these three elements are missing. *See Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003). Snowden fails to address any of these elements, let alone satisfy them. Accordingly, he would not be entitled to a writ of mandamus.

The Verified Complaint for Injunctive Relief does not survive Section 1915A review and shall be dismissed with prejudice. As the Court previously explained when dismissing his prior *Bivens* Complaint, Snowden should pursue all available defenses in his criminal case. *Snowden v. Ehler*, Case No. 19-cv-01319-JPG (S.D. Ill.) (Doc. 15, pp. 3-4). If he is unsatisfied with the results, he may bring a direct appeal or pursue a collateral attack of his conviction and/or sentence. Snowden may separately challenge the fact or duration of his confinement by filing a petition for writ of habeas corpus.[1] *See* 28 U.S.C. § 2241; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, he is entitled to no relief pursuant to *Bivens*, 28 U.S.C. § 1331, or 28 U.S.C. § 1361, and an amendment to the Verified Complaint would be futile. *Larkin v. Galloway*, 266 F.3d 718, 722 (7th Cir. 2001). Accordingly, this case shall be closed.

---

[1] The Court does not construe the "Verified Complaint for Injunctive Relief" as a habeas petition. Snowden did not name the proper respondent, and he did not mention any request for habeas relief. *See* 28 U.S.C. §§ 2242, 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained."); *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).

### Disposition

**IT IS ORDERED** that the Verified Complaint for Injunctive Relief (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim for relief.  This Order does not preclude Snowden from pursuing relief in his underlying criminal case, a direct appeal, collateral attack, or habeas petition.  However, the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

If he wishes to appeal this dismissal, the Notice of Appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Snowden plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If he does choose to appeal, Snowden will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  Moreover, if the appeal is found to be nonmeritorious, he may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 7/15/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**